716 WINDSOR STREET ASSOCIATES, LLC *v.*
CATHOLIC CHARITIES/CATHOLIC FAMILY
SERVICES, INC.
(AC 24094)

Schaller, Bishop and McLachlan, Js.

Argued January 6—officially released March 23, 2004

*Richard P. Weinstein*, with whom was *Nathan A. Schatz*, for the appellant (plaintiff).

*Robert G. Clemente*, with whom, on the brief, was *Lorinda S. Coon*, for the appellee (defendant).

SCHALLER, J. In this breach of contract action, the plaintiff, 716 Windsor Street Associates, LLC, appeals from the judgment of the trial court, rendered after a trial to the court, in favor of the defendant, Catholic Charities/Catholic Family Services, Inc. On appeal, the plaintiff claims that the court improperly concluded that (1) the plaintiff did not substantially complete required repair work, which was a condition precedent to the commencement of the parties' lease, and (2) as a matter of law, the repair work was not substantially completed where the plaintiff's contractor had certified its completion. We affirm the judgment of the trial court.

The court found the following facts that are relevant to the plaintiff's appeal. The plaintiff and the defendant signed a thirty-six month lease for the subject premises. The anticipated commencement date of the lease was July 1, 2000. Exhibit C of the lease set forth a timetable for the completion of the plaintiff's work. Exhibit C contained nine items to be completed by the landlord, seven of which were "delay items" that had to be completed by the commencement date. The lease provided in relevant part that the landlord's work "shall be deemed completed . . . [by] the date on which Landlord's Work is substantially complete and ready for occupancy as certified by Landlord's architect or contractor, with the exception of the Non-Delay items." The lease further provided in relevant part that the commencement date begins when "the Premises are deemed ready for occupancy and are available to Tenant and Tenant's acceptance of such completion."

The lease contained a cancellation provision for the defendant to terminate the lease agreement if the work was not completed by July 1, 2000. It provided that the "[t]enant may elect to cancel this Lease at any time thereafter while the Landlord's Work is not completed

by giving written notice to Landlord of such cancellation, which notice shall be effective forty-five (45) days after Landlord's Work, in which event such notice of cancellation shall be rendered null and void . . . . Tenant's right to cancel the lease pursuant to this Section shall be Tenant's sole remedy at law or in equity for Landlord's failure to complete the Landlord's work . . . ."

The plaintiff signed a repair proposal with its contractor, Imagineers, LLC (Imagineers), that was contingent on the defendant's signing the lease agreement. Nine days prior to the signing of the lease, the plaintiff crossed out the repair work for the concrete block wall on its repair agreement with Imagineers. The plaintiff subsequently entered into the lease with the defendant with the provision for the concrete block wall still included. Imagineers was not aware of all the required provisions contained in the lease between the defendant and the plaintiff.

In July, 2000, the defendant expressed its concerns to the plaintiff that the work had not been completed and that there were outstanding safety and regulatory issues. On August 22, 2000, the defendant issued a notice of cancellation of the lease agreement. The plaintiff received the notice by August 24, 2000. The forty-five day cure period in the lease gave the plaintiff until October 8, 2000, to substantially complete all repairs. On August 24, 2000, Imagineers certified that the required repair work was substantially completed and that the premises were ready for occupancy. The defendant responded by correspondence dated August 28, 2000, stating that five of the seven delay items were not completed. As of October 8, 2000, it was undisputed that the plaintiff had not completed two of the delay items listed in exhibit C. First, the plaintiff installed a wooden wall instead of enclosing the premises with concrete block or brick, as required in exhibit C. Sec-

ond, the plaintiff failed to enclose the second floor rear windows with concrete block or brick, as specified, but instead enclosed them with a wood and wire mesh. The court also found that the plaintiff had failed to finish the wall repairs and painting, but that this work was substantially complete. Both of the nondelay items were not completed. Additional facts will be set forth as necessary.

I

The plaintiff claims that the court improperly concluded that the plaintiff did not substantially complete the required repair work. Specifically, the plaintiff argues that the court improperly determined that the repair work was not substantially completed during the forty-five day cure period because the defendant failed to specify the particular deficiency. Further, the plaintiff argues that the court improperly concluded that the plaintiff acted in bad faith by not substantially completing the repair work.

"Factual findings . . . are reviewed under the clearly erroneous standard of review. . . . A factual finding is clearly erroneous when it is not supported by any evidence in the record or when there is evidence to support it, but the reviewing court is left with the definite and firm conviction that a mistake has been made. . . . Simply put, we give great deference to the findings of the trial court because of its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." (Citation omitted; internal quotation marks omitted.) *Advanced Financial Services, Inc.* v. *Associated Appraisal Services, Inc.*, 79 Conn. App. 22, 31–32, 830 A.2d 240 (2003). "[W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct. . . . Thus, where the issues present questions of law, [they are] subject to our plenary review." (Cita-

tion omitted; internal quotation marks omitted.) *In re David W.*, 254 Conn. 676, 686, 759 A.2d 89 (2000).

The plaintiff had forty-five days to substantially complete the repair work required by exhibit C of the lease once the defendant gave notice of the cancellation. The defendant did not specifically reference in its cancellation notice the plaintiff's failure to enclose the wooden section of the rear wall of the premises or the second floor rear windows with concrete block or brick. The defendant did, however, reference general safety and regulatory concerns. It is not disputed that once the forty-five day cure period had passed, the plaintiff had not completed the two delay items previously mentioned.

The court's memorandum of decision correctly stated that "[t]he [d]elay items on exhibit C, 'Landlord's Work,' operate as conditions precedent to the enforcement of the lease. 'A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance. . . . A condition is distinguished from a promise in that it creates no right or duty in and of itself but is merely a limiting or modifying factor. . . . If the condition is not fulfilled, the right to enforce the contract does not come into existence.' *K. A. Thompson Electric Co.* v. *Wesco, Inc.*, 27 Conn. App. 120, 124, 604 A.2d 828 (1992)." It is irrelevant that the defendant failed to specify the particular deficiency in its cancellation notice. The cancellation provision in the lease did not require that the defendant give notice of the deficiency. The delay items contained in the lease expressly required the rear wall and the second floor rear windows to be enclosed with concrete block or brick. Because the plaintiff did not substantially complete these two delay items before the forty-five day cure period had passed, the defendant's exclusive remedy was to cancel the lease agreement.

The plaintiff also argues that the court improperly found that the plaintiff acted in bad faith because there was no evidence that cost was a factor in its choice of building materials. The court was well within its discretion in determining that the plaintiff had acted in bad faith because it failed to use block or brick as specified in the lease. The court reasonably inferred that the plaintiff had considered the less expensive cost of using wood instead of block or brick in its determination of what building material to use. Further, the court correctly pointed out that "the plaintiff did not disclose to the defendant that it had already arranged to have the new wall be made of wood. The lease was signed [nine days later] with the express condition that the wall be constructed with block or concrete materials. Due to the fact that the plaintiff failed to contact Imagineers to change the construction order to provide for a block or concrete wall, it is apparent that the plaintiff had no intention to complete the repairs as the lease required and, consequently, acted in bad faith."

Accordingly, we conclude that the court properly determined that the plaintiff acted in bad faith by not substantially completing the required repair work.

II

The plaintiff's next claim is that the court improperly concluded, as a matter of law, that the repair work was not substantially completed where the plaintiff's contractor had certified its completion.

As that issue presents a question of law, our review is plenary. See *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 77 Conn. App. 690, 720, 825 A.2d 153, cert. granted on other grounds, 266 Conn. 906, 907, 832 A.2d 71, 72 (2003).

The plaintiff argues that because the court found that Imagineers had certified the repair work as substan-

tially completed by letter dated August 24, 2000, the court should have concluded, as a matter of law, that the work was complete.

"A determination of contractual intent ordinarily presents a question of fact for the ultimate fact finder, although where the language is clear and unambiguous, it becomes a question of law for the court." (Internal quotation marks omitted.) *Marquardt & Roche/Meditz & Hackett, Inc.* v. *Riverbend Executive Center, Inc.*, 74 Conn. App. 412, 418, 812 A.2d 175 (2003).

The plaintiff's argument fails for two reasons. First, the lease agreement did not state that Imagineers' certification of completion, alone, would signify that the repair work was substantially completed. The certification does not satisfy the requirement of actual completion of the work. As discussed in part I, we concluded that the court properly determined that the plaintiff did not substantially complete the required repair work. Imagineers deemed the work substantially completed, but, because of the bad faith of the plaintiff, was not made aware of all of the required provisions.

The lease provision stated in relevant part that the commencement date was "[t]he earlier of (i) thirty (30) days after notice by Landlord that the Landlord's Work has been completed *and* that the Premises are deemed ready for occupancy and are available to Tenant and Tenant's acceptance of such completion, or (ii) the date Tenant takes occupancy of the Premises." (Emphasis added.) On the basis of that provision, the commencement of the lease could occur *only* upon the actual completion of the landlord's work, which was set forth in exhibit C, followed by the issuance of the certification of completion, which deems that the premises are ready for occupancy and, finally, the tenant's acceptance of the premises. The language of the lease did not contain a provision indicating that the completion of the work

and the commencement of the lease unilaterally were within the discretion of the plaintiff's contractor. Additionally, the defendant did not take occupancy of the premises.

Second, the commencement of the lease required the "[t]enant's acceptance of such completion" of the repair work listed in exhibit C of the lease. The plaintiff ignores that additional requirement. The defendant did not accept the repair work and canceled the lease agreement almost two months after the anticipated commencement date because of the plaintiff's failure to complete the nondelay items. Although the contractor certified that the work was complete, the plaintiff failed actually to complete the required repair work, and the defendant did not accept the premises. Only one of the three requirements for the commencement of the lease, therefore, was satisfied when the contractor certified that the work was complete.

Accordingly, the court did not improperly conclude, as a matter of law, that the repair work had not been substantially completed, although the plaintiff's contractor had certified its completion.

The judgment is affirmed.

In this opinion the other judges concurred.